IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANTHONY SCOTT PRIOR, JR.**                                                                             **PLAINTIFF**

**NO. 1:21-CV-93-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## ORDER GRANTING AMENDED MOTION FOR ATTORNEYS FEES AND MOTION TO STRIKE

Before the Court is Plaintiff's amended motion for an award of $11,974.07, in attorney fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) [24], and Defendant's response to the amended motion [27]. For the reasons that follow, Plaintiff's request for approval of a payment to his counsel of $11,974.07, from his past-due benefits is GRANTED.[1]

Anthony Scott Prior, Jr. filed an action in this Court on June 2, 2021, to appeal the Commissioner's decision denying his applications for disability benefits. On October 15, 2021, this Court entered a Final Judgment [19] that reversed the case and remanded it to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the Court's reversal and remand, the Commissioner issued a favorable decision and on September 22, 2024, issued a Notice of Award of past-due benefits. Plaintiff was awarded a lump sum amount of $54,869.95 after $17,159.75 was withheld by the Agency to pay Plaintiff's representative. Plaintiff filed the instant amended motion [24] on September 25, 2024.

---

[1] Plaintiff has also filed a motion to strike [26] his original motion for attorney's fees [22]. Federal Rule of Civil Procedure 12(f) allows the court to strike a redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). The original motion [22] incorrectly listed the name of the plaintiff and cause number in the caption; accordingly, the Court finds the motion to strike well taken.

In his response to the motion, the Commissioner states he "neither supports nor opposes counsel's request for attorney's fees" and does not take a position as to the reasonableness of counsel's requested fee. Def.'s Br. [27] at 1. The Commissioner also requests that if the Court agrees to Plaintiff's counsel's request to subtract EAJA fees already received from the full 406(b) amount requested instead of requiring refunding of the difference, that the Order distinguish between the full amount found reasonable under 406(b) and the net amount to be awarded.

The Court appreciates the Commissioner's recitation of the applicable law and the facts and assures the parties it is well aware of its obligation to independently review the fee request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled its obligation, the Court finds the fee request in this case is reasonable.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[2]

---

[2] In *Gisbrecht*, the Supreme Court noted:

Here, Plaintiff's counsel requests authorization for payment of $11,974.07 from monies withheld by the Agency from the claimant's past-due benefits.[3] This figure is obtained by subtracting the prior EAJA award in this case, $5,185.68, from $17,159.75 (ostensibly the total fee earned for work before this Court). Several factors weigh in favor of a finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff has agreed that his attorneys have the right to seek 25% of his past-due benefits for representation in court. Second, counsel for Plaintiff are experienced Social Security attorneys and achieved a favorable result for Plaintiff before this Court and before the Agency. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals.[4] Finally, the actual fee requested and found by the undersigned to be reasonable ($17,159.75),[5] amounts to 25% of the claimant's past-due benefits and does not offend § 406(b)(1)(A)'s limitation on fees.

---

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

[3] The Agency withheld $17,159.75 from Plaintiff's past-due benefits for payment of any fee award made by this Court.

[4] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

[5] Again, counsel is only seeking payment of $11,974.07, which is the balance remaining from $17,159.75 after Plaintiff is credited for the prior EAJA award, $5,185.68. Pursuant to the fee agreement, Plaintiff agreed that "[i]f the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, I will be refunded or credited with the amount of the smaller fee." [25] at 4.

**THEREFORE, IT IS ORDERED** that Plaintiff's amended motion for attorney fees [24] is **GRANTED**. Plaintiff's motion to strike [26] the initial motion for attorneys fees is also **GRANTED**. Payment to counsel from Plaintiff's past-due benefits in the amount of $11,974.07 is approved, and counsel is not required to reimburse the claimant for the prior EAJA award, the same having been credited to the Plaintiff in calculating this fee award.

**SO ORDERED**, this, the 21st day of October, 2024.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

4